UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF TEXAS
HOUSTON DIVISION

| | |
|---|---|
| REYNA SANTIBANEZ, § <br> § <br> *Plaintiff*, § <br> § <br> v. § <br> § <br> WAL-MART STORES TEXAS, LLC, § <br> § <br> *Defendant*. § | CIVIL ACTION H-20-1421 |

### MEMORANDUM OPINION AND ORDER

Pending before the court is a motion for summary judgment filed be defendant Wal-Mart Stores Texas, LLC ("Wal-Mart"). Dkt. 19. Plaintiff Reyna Santibanez did not file a response to the motion.[1] After considering the motion, record evidence, and applicable law, the court finds that Wal-Mart's motion for summary judgment (Dkt. 19) should be GRANTED.

### I. BACKGROUND

This is a personal injury case that Santibanez originally filed in state court on January 17, 2020. Dkt. 1-2 (state court petition). Santibanez claims that she slipped and fell on a puddle of water near refrigerators located at the back of a Wal-Mart store and that there were no warning signs in the area. *Id.* She asserts both premises liability and gross negligence claims. *Id.*

Santibanez served Wal-Mart on April 16, 2020, and Wal-Mart removed the case to this court on April 22, 2020. Dkt. 1 (notice of removal). The parties engaged in discovery pursuant to this court's scheduling order. Dkt. 14 (scheduling order); Dkt. 19 (describing discovery). Wal-Mart filed its motion for summary judgment on May 21, 2021. Dkt. 19. Wal-Mart attaches

---

[1] Under Local Rule 7.4, "failure to respond is taken as a representation of no opposition." S.D. Tex. L.R. 7.4.

excerpts from deposition testimony of the plaintiff and witnesses and the plaintiff's responses to requests for admission as evidence supporting its motion. *See* Dkt. 19, Exs. B, C, D, F. The plaintiff did not file a response to the motion or provide the court with any evidence to support her claims. The motion is now ripe for disposition.

## II. LEGAL STANDARD

A court shall grant summary judgment when a "movant shows that there is no genuine dispute as to any material fact and the movant is entitled to judgment as a matter of law." Fed. R. Civ. P. 56(a). "[A] fact is genuinely in dispute only if a reasonable jury could return a verdict for the nonmoving party." *Fordoche, Inc. v. Texaco, Inc.*, 463 F.3d 388, 392 (5th Cir. 2006). The moving party bears the initial burden of demonstrating the absence of a genuine issue of material fact. *Celotex Corp. v. Catrett*, 477 U.S. 317, 323, 106 S. Ct. 2548 (1986). If the moving party meets its burden, the burden shifts to the non-moving party to set forth specific facts showing a genuine issue for trial. Fed. R. Civ. P. 56(e). The court must view the evidence in the light most favorable to the non-movant and draw all justifiable inferences in favor of the non-movant. *Env't Conservation Org. v. City of Dallas*, 529 F.3d 519, 524 (5th Cir. 2008).

## III. ANALYSIS

Santibanez asserts two claims—a premises liability claim and a gross negligence claim. Dkt. 1-2. Wal-Mart moves for summary judgment on both claims. Dkt. 19. The court will consider each claim *in seriatim*.

### A. Premises Liability

Under Texas law, to establish a premises liability claim in this type of case, the plaintiff must show that (1) the defendant had actual or constructive knowledge of some condition on the premises; (2) the condition posed an unreasonable risk of harm; (3) the defendant did not exercise

reasonable care to reduce or eliminate the unreasonable risk of harm; and (4) the defendant's failure to use reasonable care proximately caused the plaintiff's injuries. *See CMH Homes, Inc. v. Daenan*, 15 SW.3d 97, 99 (Tex. 2000). Wal-Mart has provided deposition testimony indicating that neither the plaintiff nor her witnesses had any indication that Wal-Mart knew about the substance that Santibanez contends caused her to slip and fall. *See* Dkt. 19 & Exs. Santibanez has not come forward with any evidence indicating that there is an issue of material fact indicating that Wal-Mart had actual or constructive knowledge of the condition. *Cf. Wal-Mart Stores, Inc. v. Reece*, 81 S.W.3d 812, 817 (Tex. 2002) (finding that the plaintiff failed to show a spill had "existed long enough to give Wal-Mart a reasonable opportunity to discovery and rectify it, or to warn about it"). Because Santibanez has not met her burden of establishing an issue of material fact supporting her claim, Wal-Mart's motion for summary judgment on the premises liability claim is **GRANTED**.

**B.  Gross Negligence**

Santibanez also asserts a gross negligence claim. Dkt. 1-2. To recover under a gross negligence theory, Santibanez must show that:

> (1) viewed objectively from the actor's standpoint, the act or omission . . . involve[d] an extreme degree of risk, considering the probability and magnitude of the potential harm to others, and (2) the actor [had] actual, subjective awareness of the risk involved, but nevertheless proceed[ed] in conscious indifference to the rights, safety, or welfare of others.

*Mobil Oil Corp. v. Ellender*, 968 S.W.2d 917, 921 (Tex. 1998). "Evidence of simple negligence is not enough to prove either the objective or subjective elements of gross negligence." *Id.* Under the first prong, "extreme risk" requires a showing of "the likelihood of serious injury to the plaintiff." *Id.* In addition, "the situation must be such that the act would reasonably be thought to be highly dangerous." *Wal-Mart Stores, Inc. v. Alexander*, 868 S.W.2d 322, 326 (Tex. 1994)

3

(citing *Williams v. Steves Indus., Inc.*, 699 S.W.2d 570, 573 (Tex. 1985)). The second prong "requires that the defendant knew about the risk, but that the defendant's acts or omissions demonstrated indifference to the consequences of its acts." *U-Haul Int'l, Inc. v. Waldrip*, 380 S.W.3d 118, 137 (Tex. 2012).

Here, as noted above, Wal-Mart provides some evidence indicating that it did not know about the risk, and Santibanez provides no evidence indicating that Wal-Mart did know about it. Thus, she has not met her summary judgment burden of demonstrating an issue of material fact as to each element of a gross negligence claim. Accordingly, Wal-Mart's motion for summary judgment on Santibanez's gross negligence claim is **GRANTED**.

## IV. Conclusion

Because Wal-Mart has met its burden of demonstrating an absence of an issue of material fact and Santibanez has not met her burden of demonstrating there is an issue of material fact to support her claims, Wal-Mart's motion for summary judgment (Dkt. 19) is **GRANTED**. The claims Santibanez brings against Wal-Mart are hereby **DISMISSED WITH PREJUDICE**. The court will enter a final judgment concurrently with this memorandum opinion and order.

Signed at Houston, Texas on June 21, 2021.

Gray H. Miller
Senior United States District Judge